United States District Court
Southern District of Texas
**ENTERED**
May 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-21-162-01 |
| | § | |
| JUAN MIGUEL GARCIA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's *pro se* motion for a compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docket Entry No. 123). Defendant argues that he is entitled to a compassionate release because he is the "only capable immediate family member" who can assist his mother with her uncontrolled diabetes.[1] The Government filed a response in opposition on April 18, 2024 (Docket Entry No. 125), to which defendant filed a reply on May 6, 2024 (Docket Entry No. 127).

Having considered the motion, the Government's response, defendant's reply, the record, and the applicable law, the Court **DENIES** the motion for the reasons shown below.

## I. BACKGROUND AND CLAIMS

Defendant pleaded guilty on July 19, 2021, to one count of conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, and to one count of conspiracy to commit money laundering. He was sentenced to a sixty-eight-month term of incarceration. (Docket Entry No. 114.)

---

[1] Defendant additionally argued in his motion that he is entitled to a compassionate release based on COVID-19 risks. He recently withdrew this ground for relief, informing the Court that "the virus has been contained at the facility." (Docket Entry No. 127, p. 3.)

In his pending motion, defendant requests a compassionate release for the following reason:

> The petitioner's mother has been disabled physically for a long time and the petitioner was her primary caretaker prior to his incarceration and the petitioner's mother's condition is debilitating and she has no help and suffered greatly in absence of the defendant.

(Docket Entry No. 123, p. 4.)

In support, defendant submits a letter from Dr. Amador, his mother's treating physician in Houston, Texas. In the letter, dated February 27, 2023, Dr. Amador states as follows:

> This letter is to certify that Yolanda Garcia-Ramirez is a patient here at Santa Clara Family Clinic. She is being treated at our clinic for uncontrolled diabetes and other medical conditions that require daily medications. Ms. Garcia-Ramirez is a widower and only has her son Juan Miguel Garcia, that has been her caregiver. Being that Mr. Juan has been incarcerated, Ms. Yolanda's diabetes levels have been high and unable to be controlled. As her medical provider I am just looking out for her the [sic] best interest, so I hope you will take this letter in consideration.

(Docket Entry No. 123-1.) No medical records or updates as to Ms. Garcia-Ramirez's medical condition have been submitted, and Dr. Amador's letter, written nearly a year prior to the filing of defendant's motion, is the sole medical evidence presented by defendant in support of his motion.

Online public records for the Bureau of Prisons show that defendant's current anticipated date of release is March 30, 2025.

2

## II. ANALYSIS

Under the 2023 amendments to United States Sentencing Guidelines §1B1.13 "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," extraordinary and compelling reasons for a compassionate release exist where the defendant prisoner presents as circumstances "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. §1B1.13(b)(3)(C). Thus, for purposes of the instant motion, defendant must establish that his mother is incapacitated and that he is her only available caregiver. Defendant fails to meet his burden of proof as to either of these requirements.

First, defendant presents no medical evidence establishing that his mother's diabetes has rendered her incapacitated. Dr. Amador's letter states that "Ms. Yolanda's diabetes levels have been high and unable to be controlled." Understandably, Dr. Amador is concerned about bringing Ms. Garcia-Ramirez's diabetes under control; however, nothing in the letter indicates that defendant's mother is incapacitated. Although defendant filed a pleading in this proceeding as recently as a few days ago, he provided no updated or additional information as to his mother's medical condition, living arrangements, or general status. In short, defendant does not provide sufficient evidence to show that his mother's health conditions justify his immediate release from prison.

Second, defendant does not establish that he is his mother's only available caregiver. As argued by the Government, defendant is married and has a wife who is available to help

provide care for her mother-in-law. Defendant disagrees, and argues that it is not "my wife's responsibility to assist [my mother]. [My] wife takes care of [my] children full-time; therefore, she cannot assist [my] mother." *Id.*, p. 3. That defendant would prefer his wife devote all of her time to child-care duties does not render her unavailable to provide care for his mother, particularly in light of the record's silence as to whether the children are of school-age. Nor does defendant establish that his mother has no other family members, such as brothers or sisters, who can assist with her care. Defendant's conclusory assertion that his wife is unavailable as a caregiver does not meet his burden of proof under 1B1.13(b)(3)(C).

The Court further notes that defendant has not provided a release plan setting forth his intended residency and means for supporting himself if released from prison. This lack of information is troubling, in that defendant does not explain how he intends to support himself while also acting as his mother's full time caregiver.

### III. CONCLUSION

For the reasons stated above, defendant's motion for a compassionate release (Docket Entry No. 123) is **DENIED**. Defendant's motion for summary judgment predicated on the Government's failure to file a timely response (Docket Entry No. 126) is **DENIED**.

Signed at Houston, Texas, on this 10th day of May, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4